## THE EKLIPTIKA.

(District Court, E. D. Pennsylvania. July 13, 1899.)

No. 82.

SHIPPING—DELAY IN FULFILLING CHARTER—DEMURRAGE.

The fact that the owner of a ship objected to the terms of a charter made by his agent, and attempted to have them changed through correspondence, before the vessel was sent to the charterer, where she did not arrive until after the cancellation date, but was then accepted and used by the charterer, is not alone sufficient to show that the owner was responsible for the delay, so as to render him liable to the charterer for damages caused thereby.

In Admiralty. Libel against the steamship Ekliptika to recover damages for delay in fulfilling charter. Dismissed.

Henry R. Edmunds, for libelants.
Horace L. Cheyney and John F. Lewis, for respondent.

McPHERSON, District Judge. On October 5, 1898, the libelants chartered the Danish steamship Ekliptika from the Philadelphia agents of the owner, who resided in Copenhagen. The vessel was then in the Baltic, and the charter provided that she was to proceed with all convenient speed to Philadelphia or Baltimore, as the libelants might order, and fixed November 30th as the canceling date. The charterers are grain brokers, and had sold a cargo of wheat for November shipment, intending to re-let the vessel to the buyers of the cargo. After the owner of the ship was notified of the charter,—but how soon afterwards does not appear with exactness,—he expressed dissatisfaction with one or two of its provisions, and some correspondence followed, at first by cable and afterwards by letter, with his Philadelphia agents. The cable correspondence was not offered in evidence, and I am therefore unable to determine exactly what the owner's attitude then was towards the transaction. On October 19th his agents notified the libelants that the owner was dissatisfied, and from that date until some time in November cablegrams and letters were exchanged between libelants, the owner, and the agents. Only a part of this correspondence was offered in evidence, and I have therefore found it impossible to be sure of what the facts really are. There was delay, undoubtedly, caused in part by the vessel's running aground on the Russian coast, and probably caused also in part by the owner's efforts to have the charter modified in such particulars—whatever they may have been—as did not meet with his approval. Meanwhile freights were advancing, and, as it became clear that the vessel could not arrive by the end of November, the

libelants were obliged to charter another ship at a higher rate of freight than was provided by their charter with the Ekliptika, in order to meet their contract with the buyers of the grain. On December 15th the Ekliptika arrived, was tendered to the libelants and accepted by them, and carried a cargo under the charter. The libelants claim now to recover the difference between the sum named in the charter and the sum paid to the second vessel; basing their claim on what they allege to have been the owner's unreasonable conduct in disputing about the terms of the charter, and in delaying the ship, so that she could not arrive during the month of November. Upon the evidence before the court, I cannot say that the claim has been made out. Only one witness was examined,—a member of libelants' firm,—and his testimony is incomplete. At some important points it was hearsay merely, and it was not supplemented with the full correspondence between all the parties concerned—this, to my mind, being essential to an accurate understanding of what took place. So far as I can discover, the owner did not repudiate the contract. In some respects it was no doubt distasteful to him, and apparently he made efforts to have it changed; but, when these efforts were unsuccessful, he sent the vessel to Philadelphia, where the libelants had ordered her to go, and she was tendered and accepted under the charter. There was no guaranty that the ship should arrive in November, and there is not sufficient evidence to enable me to find that the delay was due to any act or omission, on the part of the owner, for which he should be held accountable in this case. The libel is dismissed, with costs.